Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'11 APR 05 10:49USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JENNIFER HARRIS,<br><br>        Plaintiff,<br><br>vs.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>        Defendant. | Case No.: CV'11 - 428 HU<br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Jennifer Harris ("Plaintiff"), is a natural person residing in Multnomah County, Oregon.

4.      Defendant, IQ Data International, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.      Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including repeatedly threatening to garnish Plaintiff's wages, where Defendant did not yet have the benefit of a judgment (§ 1692e(5)).

10.     Contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer. Defendant called Plaintiff directly at her workplace (503-667-2168) to talk with her about setting up a payment plan for the allege debt on or about October 17, 2010. Plaintiff told Defendant right away that she did not want to be called at work because such calls were

inconvenient to her and violated the policies of Plaintiff's employer. Defendant called that same number the next day despite having been informed by Plaintiff that calls to that number were inconvenient and violate the policy of her employer (§ 1692c(a)(1)(3)).

11. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including stating that a negative report by Defendant on Plaintiff's credit regarding the debt could be reported for up to 30 years. Federal law prohibits reporting of consumer debts to 7 years, or 10 years for a debt reduced to a judgment (§ 1692e(10)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendant's actions, detailed in paragraphs 8-11, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692c & 1692e.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages pursuant to 15 USC 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 4th day of April, 2011.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff